UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

MARVIN HARRIS,

                Plaintiff,

   -against-                                                9:21-CV-470 (LEK/CFH)

JONATHAN BUSKEY,

                Defendants.

## DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Marvin Harris commenced this *pro se* action on April 26, 2021, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights during his confinement at Clinton Correctional Facility ("Clinton C.F."). Dkt. No. 1 ("Complaint"). Only Plaintiff's Eighth Amendment claim for excessive force against Defendant Buskey survived initial review. Dkt. No. 9.

On September 1, 2021, Defendant filed a motion for summary judgment in lieu of an answer and attached declarations and other documentary evidence. Dkt. No. 16 ("Motion"). Plaintiff was granted an extension of time to respond to Defendants' Motion. Dkt. No. 19. However, Plaintiff never filed a response. <u>See generally</u> Dkt.

Now before the Court is a report and recommendation issued by the Honorable Christian F. Hummel, recommending that Defendants' Motion be granted. Dkt. No. 16 ("Report-Recommendation"). For the reasons that follow, the Court approves and adopts the Report-Recommendation with modification.

### II. BACKGROUND

    **A. Factual Allegations**

Plaintiff's Complaint describes an alleged physical assault upon him committed by Defendant Buskey on July 3, 2020. See R. & R. at 2. These allegations are detailed in the Report-Recommendation, familiarity with which is assumed. Id. at 2–3.

Regarding Plaintiff's use of administrative remedies, Plaintiff asserts that he filed a grievance on August 11, 2020, which was denied as untimely on August 12, 2020. Compl. ¶ 15. Plaintiff alleges he appealed this denial on August 13, 2020. Id.

**B. The Report-Recommendation**

After a review of the facts and claims asserted by Plaintiff, as well as the uncontradicted record evidence presented by Defendants, Judge Hummel found no material facts at issue and recommended the Court grant summary judgment on the grounds that Plaintiff had failed to exhaust his administrative remedies. R. & R. at 11. Judge Hummel observed that Plaintiff's grievance was filed after the time allowed by New York State inmate grievance procedure, and "[f]iling an untimely grievance without subsequently obtaining a finding of mitigating circumstances is insufficient to exhaust one's available administrative remedies." R. & R. at 9–10 (quoting Adams v. Ohara, No. 16-CV-0527, 2019 WL 652409, at *7 (N.D.N.Y. Feb. 15, 2019)).

Judge Hummel further found that the record established Plaintiff had not obtained such a finding of mitigating circumstances. R. & R. at 10. In making this finding, Judge Hummel relied on a memorandum that was sent to Plaintiff by the Clinton C.F. grievance program supervisor that informed Plaintiff "that his grievance was untimely 'and no sufficient mitigating circumstances were supplied.'" Id.

Judge Hummel also observed that "Plaintiff does not provide any information regarding how or to whom he appealed the denial of his grievance." Id. at 11. Further, Judge Hummel

2

points to the supporting declaration filed by IGP Assistant Director Seguin which states that "Plaintiff has not appealed any facility-level grievance determinations to CORC, including those against Defendant Buskey for an alleged assault on July 3, 2020." Id. (quoting Dkt. No. 16-2 at 4).

Judge Hummel likewise stated that the record evidence established Plaintiff's failure to exhaust could not be excused on the grounds that such remedies, in the form of the DOCCS grievance procedures, were not "capable of use." Id. at 17. In making this observation, Judge Hummel found that the grievance procedures were available, were not so opaque as to render them unusable, and prison administrators did not thwart Plaintiff from taking advantage of the grievance process. Id. at 11–17.

Finally, Judge Hummel recommended dismissing Plaintiff's claim with prejudice, because "[i]f 'an inmate failed to exhaust available administrative remedies – and the time in which to exhaust has expired – it is proper to dismiss the complaint with prejudice because any attempt to exhaust would be futile.'" Id. at 17 (quoting Calderon v. Doe, No. 20-CV-0645, 2021 WL 6278740, at *6 (N.D.N.Y. Nov. 24, 2021), report and recommendation adopted, 2022 WL 43918 (N.D.N.Y. Jan. 5, 2022)).

### III.   STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court

need review that aspect of a report-recommendation only for clear error. See, e.g., Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## IV. DISCUSSION

Neither party filed objections to the Report-Recommendation. See generally Dkt. Thus, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation with the modification that the Court dismisses Plaintiff's Complaint *without* prejudice.

Typically, a court should not dismiss a pro se litigant's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991). Even so, where a litigant has not exhausted required administrative remedies, and the time to do so has expired such that this deficiency cannot be cured, it is generally appropriate to dismiss the plaintiff's complaint with prejudice. See Calderon v. Doe, No. 20-CV-0645, 2021 WL 6278740, at *6 (N.D.N.Y. Nov. 24, 2021), report and recommendation adopted, 2022 WL 43918 (N.D.N.Y. Jan. 5, 2022). ("[If] an inmate failed to exhaust available administrative remedies – and the time in which to exhaust has expired – it is proper to dismiss the complaint with prejudice because any attempt to exhaust would be futile."). However, where the failure to exhaust may be cured, it is again appropriate to dismiss without prejudice. See Kasiem v. Switz, 756 F. Supp. 2d 570, 578 (S.D.N.Y. 2010)

(stating that, where a plaintiff may cure their failure to exhaust administrative remedies, "even when the issue is decided on a motion for summary judgment . . . dismissal without prejudice is appropriate").

The evidence on the record indeed establishes no dispute of material fact that Plaintiff's grievance was untimely, and that Plaintiff did not obtain a subsequent finding of mitigating circumstances as is required to meet the exhaustion requirement. See Adams v. Ohara, No. 16-CV-0527, 2019 WL 652409, at *7 (N.D.N.Y. Feb. 15, 2019) ("Filing an untimely grievance without subsequently obtaining a finding of mitigating circumstances is insufficient to exhaust one's available administrative remedies.") (collecting cases).

However, even though Plaintiff's time to exhaust his administrative remedies has passed, and Plaintiff cannot now exhaust those remedies if he failed to do so previously, he could potentially cure this flaw in his complaint given the unique circumstances present in this case. Here, Plaintiff does assert that he appealed the denial in some form, albeit without giving further explanation of what that entailed. Compl. ¶ 15. Thus, Plaintiff's current failure to produce evidence showing that he timely provided mitigating circumstances, sought an extension of the grievance deadline, and otherwise exhausted his administrative remedies, does not mean that he could not possibly provide such evidence in the future.

Thus, as stated above, Plaintiff's Complaint is dismissed without prejudice.

V. **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 20) is **APPROVED and ADOPTED** with modification; and it is further

**ORDERED**, that Defendants' motion for summary judgment (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED**, the Complaint be dismissed in its entirety; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   July 11, 2022
        Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge